**FILED**

**Jun 30, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY; CDCR# K-14298
Name and Prisoner/Booking Number

KERN VALLEY STATE PRISON
Place of Confinement

3000 WEST CECIL AVE./P.O. BOX 5103
Mailing Address

DELANO, CALIFORNIA 93216
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)


# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY , <br> (Full Name of Plaintiff)    Plaintiff, <br><br> v. <br><br> (1) M. CULUM, CORRECTIONS OFFICER , <br> (Full Name of Defendant) <br> (2) J. GAMEZ, CORRECTIONS OFFICER , <br><br> (3) M. PESCE, CORRECTIONS OFFICER , <br><br> (4) B. KELLY, CORRECTIONS OFFICER , <br> Defendant(s). <br> ☒ Check if there are additional Defendants and attach page 1-A listing them. | ) <br> ) <br> ) <br> ) 1:22-cv-00802-BAM-(PC) <br> ) <br> ) CASE NO. _____ <br> )     (To be supplied by the Clerk) <br> ) <br> )    DEMAND FOR JURY TRIAL <br> ) <br> )     CIVIL RIGHTS COMPLAINT <br> )        BY A PRISONER <br> ) <br> ) ☒ Original Complaint <br> ) ☐ First Amended Complaint <br> ) ☐ Second Amended Complaint |


## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.  Institution/city where violation occurred: MULE CREEK STATE PRISON

## B. DEFENDANTS

1. Name of first Defendant: M. CULUM _____. The first Defendant is employed as:
   CORRECTIONS OFFICER _____ at MULE CREEK STATE PRISON _____.
                  (Position and Title)                             (Institution)

2. Name of second Defendant: J. GAMEZ _____. The second Defendant is employed as:
   CORRECTIONS OFFICER _____ at MULE CREEK STATE PRISON _____.
                  (Position and Title)                             (Institution)

3. Name of third Defendant: M. PESCE _____. The third Defendant is employed as:
   CORRECTIONS OFFICER _____ at MULE CREEK STATE PRISON _____.
                  (Position and Title)                             (Institution)

4. Name of fourth Defendant: B. KELLY _____. The fourth Defendant is employed as:
   CORRECTIONS OFFICER _____ at MULE CREEK STATE PRISON _____.
                  (Position and Title)                             (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Dwayne Montgomery v. C. Noll, et al.,
      2. Court and case number: C-06-4407-ST (N.D. Cal.)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Settlement

   b. Second prior lawsuit:
      1. Parties: Dwayne Montgomery v. Sanchez
      2. Court and case number: 1:11-cv-00961 (E.D. Cal.)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed

   c. Third prior lawsuit:
      1. Parties: Dwayne Montgomery v. Cox, et al.,
      2. Court and case number: 2:19-cv-02081-MCE-KJN (E.D. Cal.)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Settlement

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

FULL NAME OF DEFDENDANTS--Cont.

(5)  S. SERGENT, CORRECTIONS OFFICER

(6)  S. HURTADO, CORRECTIONS OFFICER

(7)  C. MOTT, CORRECTIONS OFFICER

(8)  D. CLAY, CORRECTIONS SERGEANT

(9)  J. QUIRING, CORRECTIONS LIEUTENANT

(10) H. MOSELEY, ACTING, CHIEF DEPUTY WARDEN

(11) B. HOLMES, CHIEF DEPUTY WARDEN

(12) P. COVELLO, WARDEN

B. DEFENDANTS -- Cont.


Name of fifth Defendant: S. SERGENT.  The fifth Defendant is employed as: CORRECTIONS OFFICER, at MULE CREEK STATE PRISON.

Name of sixth Defendant: S. HURTADO. The sixth Defendant is employed as: CORRECTIONS OFFICER, at MULE CREEK STATE PRISON.

Name of seventh Defendant: C. MOTT. The seventh Defendant is employed as: CORRECTIONS OFFICER, at MULE CREEK STATE PRISON.

Name of eighth Defendant: D. CLAY. The eighth Defendant is employed as: CORRECTIONS SERGEANT, at MULE CREEK STATE PRISON.

Name of ninth Defendant: J. QUIRING. The ninth Defendant is employed as: CORRECTIONS LIEUTENANT, at MULE CREEK STATE PRISON.

Name of tenth Defendant: H. MOSELEY. The tenth Defendant is employed as: ACTING CHIEF, DEPUTY WARDEN, at MULE CREEK STATE PRISON.

Name of eleventh Defendant: B. HOLMES. The eleventh Defendant is employed as: CHIEF, DEPUTY WARDEN, at MULE CREEK STATE PRISON.

Name of twelfth Defendant: P. COVELLO. The twelfth Defendant is employed as: WARDEN, at MULE CREEK STATE PRISON.


C. PREVIOUS LAWSUITS

d) Fourth prior lawsuit:

    1. Parties: Dwayne Montgomery v. Sanchez   et al.,
    2. Court and case number: 1:13-cv-00247 (E.D. Cal.)
    3. Results: Dismissed.


e) Fifth prior lawsuit:

    1. Parties: Dwayne Montgomery  v. Sam Wong, et al.,
    2. Court and case number: 2:20-cv-01515 (E.D. Cal.)
    3. Results: Voluntary dismissal Rule 41 FRCP.


f) sixth prior lawsuit:

    1. Parties: Dwayne S. Montgomery v. K. Kirkendall, et al.,
    2. Court and case number: 2:22-cv-00127 (E.D. Cal.).
    3. Results: Amended Complaint, pending.

## D. CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: <u>RETALIATION, VIOLATION OF</u>
<u>FIRST and FOURTEENTH AMENDMENT RIGHT TO THE U.S. CONSTITUTION</u>.

2.  **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☒ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each
Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal
authority or arguments.
      <u>SEE ATTACHED COMPLAINT</u>

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

      <u>SEE ATTACHED COMPLAINT</u>

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                          ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim I?          ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim I to the highest level? ☒ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   <u>SEE APPEALS LOG# 000000000969 ("969"); 000000017145</u>

3

## CLAIM II

1.  State the constitutional or other federal civil right that was violated: UNNECESSARY/EXCESSIVE USE OF FORCE, RESULTING IN GREAT BODILY INJURY AND IN IN VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENT RIGHTS

2.  **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

    ☒ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    SEE ATTACHED COMPLAINT

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    SEE ATTACHED COMPLAINT

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes    ☐ No

    b.  Did you submit a request for administrative relief on Claim II?    ☒ Yes    ☐ No

    c.  Did you appeal your request for relief on Claim II to the highest level?    ☒ Yes    ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. SEE APPEALS LOG# 000000000969 ("969"); 000000017145

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: CONSPIRACY TO COMMIT DUE PROCESS RIGHTS, VIOLATION OF FIFTH and FOURTEENTH AMENDMENT OF U.S. CONSTITUTION .

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: CONSPIRACY and DENIAL OF DUE PROCESS.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   SEE ATTACHED COMPLAINT

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   SEE ATTACHED COMPLAINT

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?   ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.
   SEE APPEALS LOG# 000000000969 ("969"); 000000017145

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## D. CAUSE OF ACTION

### CLAIM IV

1. State the constitutional or other federal civil right that was violated: <u>VIOLATION OF CIVIL RIGHTS DUE PROCESS--DENIED POST-DEPRIVATION OF REMEDIES AND DESTRUCTION OF PRESONAL PROPERTY</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☒ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>**DESTROYED PERSONAL LEGAL BOOKS**</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   <u>**SEE ATTACHED COMPLAINT**</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>**SEE ATTACHED COMPLAINT**</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  <u>SEE APPEALS LOG# 000000054398 and LOG# 000000010465</u>

6

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

1. Compensatory general and special damages in an amount in accordance with proof;

2. Punitive damages against each of the individual defendants in an amount sufficient to punish and make examples of said defendants, in order to deter others from engaging in similar misconduct;

3. expungement of Rule Violation Report Log Numbers 000000007003864 and 00000007003865; and

4. Such other relief as the Court deems proper inn this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June  27, 2022___
                   DATE

_____
                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

State of California Department of
Corrections and Rehabilitation
Kern Valley State Prison
DWAYNE S. MONTGOMERY, Plaintiff
CDCR Rigistry No. K-14298
3000 West Cecil Avenue
Post Office Box 5103 -- FCB4-121
Delano, California 93216-6000
In Propria Persona

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY,<br>      Plaintiff,<br><br>      v.<br>M. CULUM, J. GAMEZ, C. MOTT,<br>M. PESCE, B. KELLY, D. CLAY,<br>S. SERGENT, S. HURTADO,<br>J. QUIRING, B. HOLMES,<br>H. MOSELEY and P. COVELLO,<br>                    WARDEN.<br>                    Defendants. | Case No._____<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE CIVIL RIGHTS ACT<br><br>1. VIOLATION OF CIVIL RIGHTS<br>42 U.S.C. § 1983-RETALIATION<br><br>2. VIOLATION OF CIVIL RIGHTS<br>42. U.S.C. § 1983 UNNECESSARY &<br>EXCESSIVE USE OF FORCE RESULT-<br>ING IN GREAT BODILY INJURIES<br><br>3. VIOLATION OF CIVIL RIGHTS<br>42 U.S.C. § 1983-CIVIL CONSPIR-<br>ACY UNDER FEDERAL LAW<br><br>4. VIOLATION OF CIVIL RIGHTS<br>DUE PROCESS DENIED POST-DE-<br>PRIVATION OF REMEDIES |

COME NOW, DWAYNE S. MONTGOMERY ("hereinafter Plaintiff"), and for cause of

action against the Defendants, and each of them, complaint allege as follows:

INTRODUCTION

1.    Plaintiff brings this civil action ("lawsuit") pursuant to 42 U.S.C.

§ 1983, and the First, Fifth, Eighth and Fourteenth Amendment of the Constitut

-ion, and the law of the States of California, for subjecting him, in violation

of his civil rights to be free from retaliation for filing grievances, making

complaints, pursuing lawsuits, or engaging in other activities protected by the
Constitution; to be free from the unnecessary or excessive use of force; and
to be free from internal administrative conspiracy to deny pre or post-depri-
vation of remedies, of life, liberty and property, and the equal protection
under due process of law.

### JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983, to redress the de-
privation under the color of law, and of rights secured by the Constitution of
the United States and Act of Congress. This Court has jurisdiction to hear and
grant Plaintiff's request for relief.

3.  Venue lies in the Eastern District of California, the judicial district
in which the claims arose pursuant to 28 U.S.C. § 1391 (1)-(2). Plaintiff re-
spectfully request a jury trial on the merits of the allegations giving rise
to this action.

### EXHAUSTION OF PROCEDURAL ADMINISTRATIVE  REMEDIES

4.  Plaintiff submitted multiple inmate grievances ("STAFF MISCONDUCT COM-
PLAINT"), and medical complaints in this matter, beginning on June 2, 2020,
immediately following the battery/assualt committed against [him] and the fab-
rication of fradulent claims alleged against the Plaintiff, as the defendants
falsified and exaggerated their Rule Violation Report(s) ("RVR"), and their
CRIME/INCIDENT REPORT(S), to cover-up the retaliatorial misconduct and the un-
nessary and excessive use of force upon the Pliantiff's person, leading to
false criminal charges being filed (and picked up by the DA No. 20-CR-29878),
against him in state court for battery on a peace officer; twice. See the
following appeals: Log No. 000000000969; 000000017145; 000000054398 GRANTED

-2-

at the Director's level of review and 000000010465, in which it had been re-
turned to MCSP administrative officials, with specific instruction as how they
were to proceed with the ongoing due process investigation. However, this level
of the procedural due process was infringed upon by prison officials when [they]
opened grievance Log No. 48927, and assigned a Confidential Institutional In-
quiry Report (CIIR) for the following allegations. Plaintiff was not interviewed
at this stage of the investigation, nor did he receive the polygraph test as
he had requested be performed upon him and all staff members that filed any re
-port about the incident. Plaintiff was not intewrviewed by an Internal Affairs
Investigator (IA) or from the Ofice of Inspector Generals (OIG).

### PARTIES

5.   Dwayne S. Montgomery ("Plaintiff") was at all relevant times, a prisoner
of the State of California, in the custody of California Department of Correct
-ions and Rehabilitation ("CDCR") at Mule Creek State Prison ("MCSP").

6.   On information and belief, defendant M. Culum ("c/o Culum") was, at all
relevant times, employed by CDCR as a Corrections Officer ("c/o"), assigned to
MCSP. At all times mentioned, defendant c/o Culum was acting under the color
of law, and is being sued in his individual capacity.

7.   On information and belief, defendant J. Gamez ("c/o Gamez") was, at all
relevant times, employed by CDCR as a c/o, and assgned to MCSP. At all times
mentioned, defendant c/o Gamez, was acting under the color of law, and is being
sued in her individual capacity.

8.   On information and belief, defendant M. Pesce (c/o Pesce) was at all re-
levant times, employed by CDCR as a c/o, assigned to MCSP. At all times ment-
ioned, defendant c/o Pesce was acting under the color of law, and is being sued
in his individual capacity.

-3-

sued in his individual capacity..

9. On information and belief, defendant B. Kelly ("c/o Kelly") was, at all times relevant, employed as a c/o, assigned to MCSP. At all times mentioned, defendant c/o Kelly was acting under the color of law, and is being sued in his individual capacity.

10. On information and belief, defendant S. Sergent ("c/o Sergent") was, at all times relevant, employed by CDCR as a c/o, assigned at MCSP. At all times ment -ioned, defendant c/o Sergent was acting under the color of law, and is being sued in her individual capacity.

11. On information and belief, defendant S. Hurtado ("c/o Hurtado") was, at all times relevant, employed as a c/o, assigned at MCSP. At all times mentioned, defeandant c/o Hurtado was acting unnder the color of law, and is being sued in her individual capacity.

12. On information and belief, defendant C. Mott ("c/o Mott") was, at all times relevant, employed by CDCR as a c/o, assigned at MCSP. At all times mentioned, defendant c/o Mott was acting under color of law, and is being sued in his in- dividual capacity.

13. On information and belief, defendant D. Clay was, at all relevant times, employed as a Correctional Sergeant ("c/o Sgt.") was, at all times relevant, employed at MCSP. At all times mentioned, defendant c/o Clay was acting under color of law, and is being sued inn his individual capacity.

14. On information and belief, defendant J. Quiring ("Lt. Quiring") was, at all relevant times, employed by CDCR as a Corrections Lieutenant ("Lt") was, at all times mentioned, defendant Lt. Quiring was acting under the color of law, and is being sued in his individual capacity and official capacity.

15. On information and belief, defendant H. Moseley ( "def. Moseley")was, at all relevant, employed by CDCR as Chief, Deputy Warden ("CDW") was, at all time. ·

-4-

mentioned defendant Chief, Deputy Warden was acting under color of law, and is being sued in his individual and official capacity.

16. On Information and belief, defendant B. Holmes ("def. Holmes") was, at all relevant times, employed by CDCR as the Associate Chief Deputy Warden ("ACDW") was, at all times mentioned, def. Holmes was acting under the color of law, and is being sued in his individual and official capacity.

17) On information and belief, defendant P. Covello ("def. Covello") was, at all relevant times, employed by CDCR as the Warden of KVSP ("the Warden") was, at all relevant times, employed by CDCR as the Warden. At all times mentioned, Warden Covello, was acting under the color of law, and is being sued in his individual and official capacity.

PRELIMINARY ALLEGATIONS

18.)   At all times relevant to the facts alleged herein, defendants were duly appointed, qualified and acting officers, employees, and/or agents of CDCR, employed as such by CDCR, and acting within the coures and scope of their employment and/or agency and under the color of state law. Each of the defendants caused and is responsible for the unlawful conduct and resulting by inter alia, personally participated in the conduct, or acting jointly and in concern with others who did so by authorizing, aacqiescing, condoning, acting omitting or failing to take actions to prevent the unlawful conduct by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilit -ies and duties, and staffing; by failing to maintain proper adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and correctional officers and employees under their directions

-5-

and control.

19..   Whenever and wherever references is made in this complaint to any act by defendants, such allegations and references shall be deemed to mean the acts and failure to act, of each defendant, individually, jointly and in concert, causing some overt acts, done in the furtherance of the conspiracy which result -ed in the deprivation of [Plaintiff's] constitutional rights.

## FACTUAL ALLEGATIONS

20..   At all timmes herein, Plaintiff was incarcerated at MCSP. Plaintiff was covertly targeted by correctional staff and retaliated against for filing claims against prison staff (officials) and helping other inmates do so, which is a protected activity, as it was an exercise of his right to petition the govern- ment for redress of grievances under the First Amendment.

21.   On June 1, 2020, defendant c/o Pesce, illegally confiscated personal clothing items belonging to the plaintiff. When Plaintiff requested that his property be returned, defendant Pesce stated: "You can't have it back, next time don't leave your shit on my [dayroom] benches"! I then asked defendant Pesce to issue [me] a property confiscation reciept (which was CDCR's policy). Again, c/o Pesce refused to comply with my request, and would not issue me a reciept for the confiscated property.

22..   Plaintiff then requested to speak with the watch Sergeant (def. Clay), in which c/o Pesce responded: "No take it back to your cell"! I informed c/o Pesce that I had a right to speak with his supervisor, and that he couldn't deny me my right to ascertain redress to a grievance I'm having with a staff member.

23.   Pesce instructed me to return to my cell, again. After refusing to do so, I voluntarily put my hands behind my back and submitted to be handcuffed. Then

-6-

demanded to speak with the sergeant.

24. Def. Pesce called for staff assistance on his security radio, for a possible hostile situation.

25. Def. Kelly and def. Sergent responded to the call. Upon their arrival to building 2, def. Kelly spoke briefly with def. Pesce, then approached me and ordered me to get up and take it to my cell. I again refused to comply with that command. Def. Kelly reached down and pick me up, I crossed my legs into and indian sitting position, making it difficult to be picked up. I again stated very loudly, I want to talk to the sereant, I have a right to talk to the sergeant!

26. At that point def. Kelly became very angry, and said out loud: "He spit on me... did you see that, (looking at Pesce and Sergent), he spit on me!" After hearing protest from more than a dozen inmates that were presen in the dayroom participating in recreation, def. Kelly realized that his attempt to creat a false battery against me, once again, took me by the left bicep, and Pesce took hold of my right bicep, and simultaneously started dragging me across the dayroom floor, moving towards my cell. I swung my legs beneath me to bring them to the front of my body; I place my left foot firmly on the floor in front of me, causing both defs. to abruptly stop. def. Kelly attempted to yank me forward, causing def. Pesce to lose his footing, causing him and I to fall forward.

27. As we were going down, I felt def. Kelly place his right hand onto my shoulder and bring me down more forcefully, causing my head to be slammed into the floor. I was handcuffed behind my back, and was unable to break the fall in any way. I became disoriented. The next thing I realized, I was being handled very aggressively by Kelly and Pesce; Kelly looked at Pesce and stated: " Now it's a battery, and Pesce stated,"yes it is".

28. After def. Sergent had put ankle restraints on me, she was holding the

-7-

chain part in her hand, and def. Culum entered the housing unit, and immediately took the chain from def. Sergent's hand.**crossed** my feet over one another then slammed his left knee in the center of my crossed feet and droved them into my buttocked as forcefully as he could. He then took both of my shoes from my feet and threw them across the dayroom.

29. Def. Sergeant ("Sgt"), Clay entered the housing unit, and instructed def. Culum and def. Gamez to escort me to the facility-A program office. Plaintiff was placed into a wheelchair and escorted to the program office, where he was placed in a holding cage.

30. def. Gamez removed the restraints from my feet and hands. Def. Culum ordered me to remove all my clothing. At this point I'm scared. I did not even turn around to look at him. I simply refused to follow his instructions. I said "I'm not taking anything off". The handcuff was put back onto my wrist.

31. Def. Gamez, then walked away, to retrieve a pair of scissors. At this time, def. Culum stated: "If you give me any more problems, I'm gonna fuck you up, nigger!"

32. Without thinking, Plaintiff stated to Culum: "you ain't gonna do shit to me!" Abruptly, def. Culum immediately yanked me from the holding cage, swung me 180° and slammed my face straight into the wall, causing me to see stars, the next thing I felt was def. Culum smashing his left foot into my right foot with all of his body weight, causing a great amount of pain to shoot through my foot and body! Def. Culum lifts me up off of my feet, and slams me to the floor very hard, and brought his full body weight down into the my back. He then puts his left knee into my back, then lean forward, using his right foot as leverage he grips my shirt with his right hand and begin to strike me multiple time, on the right side of my face with his left fist, "HARD"! He rotates from that right into driving his left knee into the right side of my

rib cage.with MMA type strikes, very aggressively. As he was doing so, def.
Gamez returned, and joined in the assualt along with Culum. ·

33.    Def. Gamez, dropped her full body weight into the meddle of my back on
the left side with all her force, then began striking me in the ⌐left side of
my back area, as she demonstrated her willingness to support def. Culum's con-
duct.

34.    After def. Culum and Gamez had completely their joint assualt upon me,
def. Gamez asked def. Culum what happened.He stated to her that the Plaintiff
attempted to strike him. Def. Gamez reminded Culum that [I] was still in hand-
cuffs. Def. Culum revised his statement to def. Gamez and said: that he used
his shoulder to strike him (Culum) in his chest.

35.    Plaintiff was then placed into Administrative Segregation (Ad. Seg.) unit,
and issued two (2) Rule Violation Reports ("RVR"), charging [him] with two (2)
Battery's on Peace Officers). Both reports had been fabricated and/or exaggerat
-ed by the defendants.

36.    Def. Pesce and Culum, along with the other defendants, acting in collus-
ion to cover-up their malfeasance.

### FIRST CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE
### FIRST AND FOURTEENTH AMENDMENT
### FOR EXERCISING RIGHT TO PETITION THE
### GOVERNMENT FOR REDRESS OF GRIEVANCE

37.    Defendants Pesce, acting under color of state law and through CDCR's
policies, practices and customs, deprived Plaintiff of rights, privileges, and
immunitiessecured by the Constitution and the laws of the United States under
the First and Fourteenth Amendment, by subjecting him to, through his deliberate
indifference by retaliating against him for exercising his protected right to
ascertain redress. The action taken by the Plaintiff was protected conduct,

In which defendant Pesce took adverse actions against the Plaintiff for exercising that right, and thus, creating the causal connection between plaintiff's protected conduct to request for a property reciept and a 602 form. this adverse action taken by def. Pesce was done to deprive the Plaintiff from successfully pursuing that protected right.

38. Defendant Pesce intentionally took retaliatory actions directly against the Plaintiff, with deliberate,,Malicious & sadistic intent to cause Plaintiff irreparable harm, due to Plaintiff's persistence to pursue his right to file a grievance against him [Pesce] to regain the tangible personal property.

39. Plaintiff had the right to request for a property reciept and a appeal form; then to speak directly to a Sergeant, who was the supervising agent on duty, was conduct well within the realms of his protected procedural due process rights.

SECOND CAUSE OF ACTION
UNNECESSARY AND EXCESSIVE USE OF FORCE
RESULTING IN GREAT BODILY INJURY AND
FAULURE TO INTERVENE WHILE BEING PRESENT
ANDWATCHING PLAINTIFF BE ASSUALTED
BY OTHER CORRECTIONS OFFICERS
VIOLATED HIS EIGHTH AND FOURTEENTH AMENDMENT RIGHT

40. Defendants Pesce, Kelly, Culum and Gamez, participated in the unnecessary and excessive use of force, when they maliciously and sadistically used force to cause [great] physical harm against the Plaintiff. No efforts were taken by any of the other staff members standing by, to temper away from the severity of the force that was applied upon the Plaintiff. The force used was completely un reasonably unnecessary and extremely excessive to the need.

41. The defendants used substantial force upon Plaintiff even though he used nor offered any form of resistence against them when they begin using the force

42. When def. Culum alleged that the Plaintiff was not in restrains when he was instructed to remove his clothing was an understatement. The restrains had

-10--

been replaced upon Plaintiffs' wrist, while the Plaintiff was secured in the holding cage the size of a casket, when def. Culum initiated the assualt upon the Plaintiff. Def. Gamez was no were in sight when def. Culum stated to the Plaintiff: "If you give me any more problem, I'm gonna fuck you up nigger"!It was only after def. Gamez had retrieved the scissors and was returning to cut off Plaintiff's clothing, when she became aware of what had taken place in her absence.

43. Def. Culum and Gamez acted with deliberate indifference when they acted with the malicious and sadistic intent when they used force to inflict serious harm upon the Plaintiff, then tightened the handcuffs around both wrist, to cause additional pain and physical discomfort, and cutting off the blood circulation in the wrist and hand. The wrist restrains remained on [my] wrist and ankles for about four (4) hours or more, until Plaintiff was taken to Ad. Seg., even after begging several staff members, including Sgt. Clay and Lt. Quiring to loosen them, in a polite and respectful manner.

44. Plaintiff lost some feeling and felt numbness in both his hands and wrist lasting for about a year or so in durations, which is about the time it took before [he] was able to feel close to normal range of feelings in them.

45. Plaintiff also lost the capability to move or walk without the need of a wheelchair for several months, at which time he was switched from a wheelchair to another walking apparatus.

46. Plaintiff sustained some very serious physical impairing injuries as a direct result of the force that had been maliciously inflicted upon him by the defendants, with greatest intent was to cause as much physical pain as possible. Defendant Sgt. Clay and the remaining defs. that were present during the time these constitutional infractions were taking place, chose to stand by and watch what their co-worker were doing to the Plaintiff, and failed to intervene when

-11-

they knew or should have known that the Plaitiff was being subjected to brutality as he was being assualted by thier co-workers.

47. I informed def. Sgt. Clay of the fact that the handcuffs were too tight on my wrist and was cutting off the blood supply to my hands; that they were feeling numb and needed to be loosened, and he completely ignored my plea for help to remedy the pain and suffering I was enduring. In fact, the handcuffs remained tight that way up until the time Plaintiff had been excorted to Ad. Seg., at which time an ad. seg. officer removed them.

48. Defenants Sgt. Clay and Lt. Quiring were the supervising officials on duty during the time of the incident, and were responsible for ensure that the staff members under their direct supervision were adequately trained to perform the duties and functions in which they had been assigned to perform,and to take the appropiate actions when they were not following or in compliance with the proper protocol and procedures.

49. Defendants Sgt. Clay and Lt. Quiring failed in their duties to monitor and/or supervisory responsiblity to ensure they were following policies; and to adequately supervise, train, or control by supervision, as the above named def. acting in collusion, either directly or indirectly, assualted, or failed to intervene to temper the extent in which their co-workers proceeded to, inflict physical harm upon the Plaintiff, then fabricate criminal charges against the Plaintiff, and falsify rule violation report, and/or crime incident reports pertaining to the events that had actually taken place, and to aid in the cover- up of criminal misconduct.

**THIRD CAUSE OF ACTION**
**CIVIL CONSPIRACY UNDER FEDERAL LAW AND DENIAL**
**OF DUE PROCESS RIGHTS IN VIOLATION OF**
**THE FIFTH AND FOURTEENTH AMENDMENT RIGHTS**

50. Plaintiff submitted his first Inmate appeal as a "STAFF MISCONDUCT COMPLAINT" on June 2, 2020, immediately following the day the incident occurred, to protect

the integrity of his claim and to defend against the false criminal charges be-
ing filed against him.

51.  Plaintiff exhausted his administrative remedies all the through to the
final level of review, which had been GRANTED at the Director's level.

52.  The appeal was returned to MCSP, administrative officials, with specific
instructions as to how they were to proceed with the ongoing investigation.

53.  Defendants Holmes, Moseley and Covello, along with the other defendants
acting directly or indirectly with each other, entered into a civil conspiracy
and agreement, to violate the civil rights of Plaintiff, by engaging in the con
-duct, acts, and omissions alleged herein by lawfully refusing to properly fol-
low the directives of their superiors, to investigate the use of force and the -
failure to act and/or protect Plaintiff from any other civil violation that had
taken place, in an attempt to cover-up the use of force against the Plaintiff,
subjecting Plaintiff to cruel and unusual punishment, bringing false charges
against the Plaintiff in criminal court, alleging that he committed the criminal
act of "BATTERY ON A PEACE OFFICER", on two (2) seperate occassions during the
same time of events, in order to cover-up the malfeasance of four (4) of the
defendants named in this complaint.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS AND THE DENIED**
**POST-DEPRIVATION OF DUE PROCESS REMEDIES**

**54.  In addition to the misconduct alleged herein, said conspiracy and agree-**
ment is evidence by the fact, inter alia, that said defendants: (a) ordered,
directed, supervised, authorized, aided, abetted, approved, ratified and/or de-
leberately and knowingly failed, refused and/or refrained from intervening in
or stopping the wrongful conduct alleged herein; and/or (b) engaged in conduct
alleged herein that was unlikely to have been undertaken without an agreement.
None of the individually named defendants would have unreasonably violated the

-13-

Plaintiffs's constitutional rights but for the collusional agreement with the other individually named defendants.

55. Defendants Pesce, Kelly, Culum Gamez, Clay Quiring, Holmes, Moseley and Covello are legally responsible for, and indeed proximately and legally caused the damages alleged herein for the reasons alleged above and incorporated herein by reference.

56. Defendants Pesce, Kelly, Culum and Gamez, battered Plaintiff, causing his long term injuries, in which is still being suffered upon til this date, as herein above allegations, entitling him compesatory and punitive damages according to proof as to the individual defendants action.

57. As direct and proximate cause of the aforementioned acts of defendants Pesce, Kelly, Culum and Gamez, Plaintiff was seriously injured as set forth above.

58. Defendants conduct was extreme and outrageous, and caused Plaintiff to sustain severe emotional distress, by subjecting him to false criminal charges being filed against him in court, all to Plaintiff's damages as hereinabove alleged.

59. As a direct and proximate cause of the aforementioned acts of defendants, Plaintiff was injured and continue to suffer reprocussions as set forth above.

60. Plaintiff injuries and any future injuries he may undergo, entitles him to compesatory and punitive damages according to proof as to the individual defendants, and outcome of the false criminal charges currently pending before the superior court in case number 20-CR-29878.

61. Staff also took retaliatorial reprisals against Plaintiff when they stole or threw away his personal legal books and other property when they packed up his property took him to Ad. Seg. on 6/2/20. Plaintiff appealed this issue, in which

-14-

prison officials failed to adequately investigate at the institutional level.

62.  The director's level failed to render a timely investigation into the grievance, upon receiving the timely submitted appeal. In which def. Moseley sent Plaintiff a memorandum, which stated: "Suject:    TIME EXPIRED RESPONSE FROM THE OFFICE OF APPEALS". The memorandum lacks the date in which it was issued, however the "Appeal Claim Decision Response from the director, is dated 03/11/2021, in which it clearly shows that the appeal was received by them on 12/28/20. Leaving them plenty of time to investigate, or request an extension if needed. Log# 54398.

63.  These actions performed by CDCR's administrative executives clearly demonstrates, that they've done everything possible to subterfuge Plaintiffs' efforts to ascertain redress and resolve this issue, as well as all the other factors set forth in this complaint.

64.  Based on every actionable claim set forth in this complaint, it is clearly obvious that a great injustice has been committed here, and that MCSP officials has done everything within their power to undermine Plaintiffs attempt at ascertaining redress and complete justice in this matter. It is left up to this court to see that he receive what the law warrants justice.

REQUEST FOR RELIEF

1.  Plaintiff seeks compensatory general and special damages in the amount of Three-hundred thousand dollars ($300,000.00);

2.  and, punitive damages against each of the individual defendants in an amount sufficient to punish them for their individual conduct that violated the Plaintiffs civil rights, and set a clear example of said defendant, and deter others from engaging in similar conduct;

3.  Reasonable attorney's fee, expenses and cost;

-15-

4.   Expungment of the falsified Rules Violation Reports Log numbers 7003864 and 7003865; and

5.   Such other and further relief the Court deems proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial on all issues so triable.

Dated: June 27, 2022.

Respectfully submitted,

Dwayne S. Montgomery, Plaintiff

-16-