UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MONTGOMERY, | No. 2: 22-cv-1156 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. CULUM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' motion to opt out of the Post-Screening ADR Project and defendants' unopposed motion to stay this action.  (ECF No. 24.) For the reasons stated herein, defendants' motions are granted.

Motion to Opt Out

On May 18, 2023, the undersigned referred this action to the Post-Screening ADR Project and stayed this action for 120 days.   (ECF No. 23.)  Defendants now move to opt out of the Post-Screening ADR Project.  (ECF No. 24.)  Good cause appearing, defendants' motion is granted.

Motion to Stay

This action proceeds on plaintiff's amended complaint against defendant Mule Creek State Prison ("MCSP") Correctional Officers Culum, Gamez, Pesce, Kelly, Mott, Hurtado and Sergeant and MCSP Corrections Sergeant Clay as to the following claims:  1) on June 1, 2020,

1

defendants Culum, Gamez and Clay used excessive force in violation of the Eighth Amendment when they allegedly applied handcuffs tightly and disregarded plaintiff's request to loosen the handcuffs; 2) on June 1, 2020, defendants Kelly and Pesce used excessive force in violation of the Eighth Amendment when they allegedly attempted to drag plaintiff to his cell; 3) on June 1, 2020, defendant Kelly used excessive force in violation of the Eighth Amendment when he allegedly slammed plaintiff's face into the concrete; 4) on June 1, 2020, defendants Kelly and Pesce used excessive force in violation of the Eighth Amendment when they allegedly used finger and wrist restraint maneuvers to intentionally inflict pain on plaintiff; 5) on June 1, 2020, defendant Culum used excessive force in violation of the Eighth Amendment when he allegedly drove his full body weight down onto plaintiff's ankles and buttocks as hard as he could, causing plaintiff to suffer severe pain; 6) on June 1, 2020, defendants Culum and Gamez used excessive force in violation of the Eighth Amendment when they allegedly assaulted plaintiff; and 7) on June 1, 2020, defendants Pesce, Kelly, Sergent, Hurtado and Mott violated plaintiff's Eighth Amendment right to adequate mental health care when they allegedly failed to provide plaintiff with mental health treatment.

In the motion to stay, defendants state that plaintiff has criminal charges pending against him in Amador County Superior Court for felony battery against defendants Pesce and Culum arising out of the June 1, 2020 events. (See ECF No. 24 at 8-17.)

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487.

Heck does not bar plaintiff from bringing an action raising claims challenging ongoing criminal proceedings. However, Wallace v. Kato, 549 U.S. 384 (2007) explains that such an action should be stayed:

////

2

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. 393-94.

Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." Yuan v. City of Los Angeles, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010) (citing Wallace, 549 U.S. at 393); Peyton v. Burdick, 358 Fed.Appx. 961 (9th Cir. 2009) (vacating judgment in a § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceedings and remanding for district court to stay action until pending state court proceedings concluded); Valenzuela v. Santiesteban, 2021 WL 1845544, at *3-4 (E.D. Cal. Apr. 9 2021) (staying excessive force case where related criminal prosecution pending); Vivas v. City of Riverside, 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

In the pending motion, defendants request that this action be stayed because the pending criminal battery charges concerning defendants Pesce and Culum are intertwined with plaintiff's excessive force claims against these defendants. Defendants also argue that the pending criminal charges are intertwined with the claims against the other defendants, making discovery and motions more succinct and economical if they are able to be conducted on one timeline against all defendants. If this action is stayed, defendants propose filing bi-monthly status reports based on information obtained from the Amador County District Attorney's Office regarding the status of the criminal matter.

The undersigned agrees that the pending criminal charges against plaintiff are related to the excessive force claims against defendants Culum and Pesce. The undersigned also agrees that staying this action as to all claims serves judicial economy. Good cause appearing, defendants' motion to stay is granted.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to opt out of the Post-Screening ADR Project (ECF No. 24) is granted; the stay imposed on May 18, 2018, is lifted;
2. Defendants' motion to stay this action (ECF No. 24) is granted; the Clerk of the Court shall administratively stay this action;
3. Defendants shall file bi-monthly status reports addressing the status of the criminal charges against plaintiff in Amador County; defendants' first status report is due sixty days from the date of this order.

Dated: July 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mont1156.opt

4