UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MONTGOMERY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CULUM, et al.,<br><br>    Defendants. | No.  2:22-cv-1156 DC CSK P<br><br><br>ORDER |

On November 19, 2024, defendants filed a motion to dismiss on the grounds that this action is barred by the favorable termination doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).  (ECF No. 43.)  Plaintiff did not oppose the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Local Rule 230(l).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

1

1  Fed. R. Civ. P. 41(b).

2      Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss.  Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Said failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  December 20, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mont1156.nop/2