UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MONTGOMERY, | No. 2:22-cv-1156 DC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. CULUM, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a preliminary injunction. (ECF No. 55.) For the following reasons, this Court recommends that plaintiff's motion for a preliminary injunction be denied.

**II. LEGAL STANDARD FOR INJUNCTIVE RELIEF**

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Id. at 20.

### III. BACKGROUND

This action proceeds on plaintiff's amended complaint as to defendants Culum, Gamez, Clay, Kelly, Pesce, Sergent, Hurtado and Mott. (ECF No. 15.) The alleged deprivations occurred at Mule Creek State Prison ("MCSP"). (Id.) On March 28, 2023, the Court ordered service of the following claims raised in the amended complaint: 1) on June 1, 2020, defendants Culum, Gamez and Clay used excessive force in violation of the Eighth Amendment when they allegedly applied handcuffs tightly and disregarded plaintiff's request to loosen the handcuffs; 2) on June 1, 2020, defendants Kelly and Pesce used excessive force in violation of the Eighth Amendment when they allegedly attempted to drag plaintiff to his cell; 3) on June 1, 2020, defendant Kelly used excessive force in violation of the Eighth Amendment when he allegedly slammed plaintiff's face into the concrete: 4) on June 1, 2020, defendants Kelly and Pesce used excessive force in violation of the Eighth Amendment when they allegedly used finger and wrist restraint maneuvers to intentionally inflict pain on plaintiff; 5) on June 1, 2020, defendant Culum used excessive force in violation of the Eighth Amendment when he allegedly drove his full body weight down onto plaintiff's ankles and buttocks as hard as he could, causing plaintiff to suffer severe pain; 6) on June 1, 2020, defendants Culum and Gamez used excessive force in violation of the Eighth Amendment when they allegedly assaulted plaintiff; and 7) on June 1, 2020, defendants Pesce, Kelly, Sergent, Hurtado and Mott violated plaintiff's Eighth Amendment right to adequate mental health care when they allegedly failed to provide plaintiff with mental health treatment. (ECF No. 18 at 1-2.)

On November 19, 2024, defendants filed a motion to dismiss on the grounds that plaintiff's claims are barred under the favorable termination doctrine in Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 43.) On June 11, 2025, this Court recommended that defendants' motion to dismiss be granted as to plaintiff's claim alleging that defendant Culum used excessive force when he yanked plaintiff out of the holding cage, swung plaintiff 180 degrees, slammed plaintiff into the wall and smashed his heel down on plaintiff's foot. (ECF No. 52.) This Court recommended that defendants' motion to dismiss be denied in all other respects. (Id.) These findings and recommendations are pending before the district court.

## IV. DISCUSSION

Plaintiff is now housed at Kern Valley State Prison ("KVSP"). (ECF No. 55.) In the pending motion, plaintiff alleges that KVSP officials have withheld, confiscated, destroyed and refused to allow plaintiff to receive legal and personal mail in retaliation for plaintiff pursuing civil litigation and filing grievances. (Id. at 2.) Plaintiff claims that this interference with his mail has undermined plaintiff's prosecution of the instant action and legal matters pending in other courts. (Id.) Plaintiff claims that he has been informed by family members that they wrote plaintiff, sent plaintiff greeting cards, declarations and other mail since February 2025. (Id. at 3.) Plaintiff claims that KVSP officials have withheld dozens of letters and other correspondence sent to plaintiff. (Id.) Plaintiff claims that the withholding of plaintiff's mail by KVSP officials creates an imminent threat to plaintiff's prosecution of the instant action and other cases. (Id.) In a declaration attached to the pending motion, plaintiff states that the court issued several extensions of time notices in January and March 2025 but plaintiff has not been able to gather basic stationary supplies and that he has not been summoned to the law library to conduct legal research. (Id. at 5.)

Plaintiff seeks injunctive relief against prison officials at KVSP. This action, however, proceeds on plaintiff's amended complaint as to alleged conduct that occurred at Mule Creek State Prison. This Court is therefore unable to issue an order against individuals at KVSP who are not parties to the suit pending before the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). For this reason, plaintiff's motion for injunctive relief should be denied.

Even if this Court could issue orders against KVSP officials regarding the alleged withholding of legal mail related to the instant action, this Court finds that plaintiff fails to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. See Winter, 555 U.S. at 20. In the pending motion, plaintiff does not specifically describe any legal mail pertaining to the instant action that prison officials allegedly failed to deliver. Plaintiff's general claim that prison officials are not delivering his legal mail does not demonstrate plaintiff's inability to prosecute the instant action. For this reason, this Court finds that plaintiff

3

fails to demonstrate a likelihood of irreparable harm in the absence of injunctive relief.

In the declaration attached to the pending motion, plaintiff also claims that this Court issued extensions of time in January and March 2025, but plaintiff has not been able to gather basic stationary supplies and attend the law library in order to conduct legal research. Court records reflect that in January 2025, plaintiff filed two motions for extensions of time to file an opposition to defendants' motion to dismiss. (ECF Nos. 45, 46.) On January 17, 2025, this Court granted plaintiff a forty-five day extension of time to file his opposition. (ECF No. 47.) On January 31, 2025, plaintiff filed his opposition to defendants' motion to dismiss. (ECF No. 50.) There are no pending deadlines in the instant action. To the extent plaintiff seeks an order directing KVSP officials to grant plaintiff access to stationary supplies and the law library in order to prosecute the instant action, this Court finds that plaintiff fails to demonstrate irreparable harm in the absence of injunctive relief because there are no pending deadlines in the instant action.

Plaintiff may also be seeking an order directing KVSP officials to grant plaintiff access to personal mail and legal mail regarding other actions, and access to stationary supplies and the law library in order to prosecute other actions. This Court finds that these requests are not related to the claims on which this instant action proceeds. Therefore, plaintiff's claim for injunctive relief regarding these matters should be denied. See Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 55) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 5, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mont1156.pi/2