UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MONTGOMERY,<br>Plaintiff,<br>v.<br>M. CULUM, et al.,<br>Defendants. | No. 2:22-cv-1156 DC CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

This Court recommended that defendants' motion to dismiss be granted as to plaintiff's claim alleging that defendant Culum used excessive force when he yanked plaintiff out of the holding cage, swung plaintiff 180 degrees, slammed plaintiff into the wall and smashed his heel down on plaintiff's foot, on the grounds that this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 52.) This Court recommended that defendants' motion to dismiss be denied in all other respects. (Id.) These findings and recommendations are pending before the district court. (See Docket.) Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Based on the status of this case, this Court cannot determine whether plaintiff is likely to succeed on the merits of his claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 58) is denied without prejudice.

Dated: November 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mont1156.31/2